UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 20-40029 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER |
| MICHAEL DESHONE MATHEWS, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On September 3, 2021, the Assistant Federal Public Defender (FPD) appointed to represent individuals seeking relief under the First Step Act filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) on behalf of Michael Deshone Mathews ("Mathews"). (Doc. 40.) The government opposes the motion. (Doc. 42.) A reply was submitted by the FPD. (Doc. 44.)

On September 28, 2021, the FPD filed a supplement to advise the Court that "the BOP has released Michael through RRM Sacramento, a residential reentry management field office. His exact location is unknown at this time. His release date remains 11 December 2021." (Doc. 47, p. 1.) The FDP argued that Mathews's motion for compassionate release is not moot because "he is still serving his original sentence and will continue to do so until his release date." *Id.* "If he is at a halfway house, then he remains vulnerable to the spread of COVID-19. And if he is on home confinement, the BOP's designation to home confinement can be revoked at any time." *Id.*

On September 30, 2021, the Court issued an Order deferring ruling on the motion for compassionate release, stating in part: "In order to rule on Mathews's motion for compassionate release, the Court must be advised where he is being housed or whether he is on home confinement. These are important considerations in determining Mathews's risk of being re-infected with COVID-19." (Doc. 48.)

The government immediately responded to the Court's Order and advised the Court that the BOP confirmed Mathews is currently on home confinement and has a release date of December 11, 2021. (Doc. 49.) Though the government does not indicate where Mathews is residing, his release plan shows that he planned to reside with his wife and their 18-year-old son at her home in Oak Grove, California, find employment, and possibly pursue an Associate's degree. *See* No. 2:15-CR-00118, Doc. 188-7 (E.D. Cal. April 26, 2021). It appears that Mathews has a stable support system. *Id.*

## BACKGROUND

On June 11, 2015, Mathews was charged with several drug distribution and possession, money laundering, and firearms crimes in the U.S. District Court for the Eastern District of California. *See United States v. Mathews*, No. 2:15-CR-00118, Doc. 15 (E.D. Cal. June 11, 2015). On February 12, 2016, Mathews entered a plea of guilty to one count of conspiracy to distribute and to possess with intent to distribute oxycodone, and one count of conspiracy to distribute and to possess heroin with an intent to distribute it. *Id.*, Doc. 57. The other charges were dismissed. Mathews was sentenced on May 27, 2016. His guideline range was 168 to 210 months. *Id.*, Doc. 84. The government agreed to a sentence of 135 months imprisonment based on the sentencing factors under 18 U.S.C. § 3553(a). *Id.*, Doc. 81. The California District Court imposed a below-guideline sentence of 135 months as to each of the two counts, to be served concurrently, for a total term of 135 months. *Id.*, Doc. 86.

On November 15, 2017, Mathews was transferred to the Yankton Federal Prison Camp in Yankton, South Dakota. (CR 20-40029, Doc. 28, PSR ¶ 5.) On February 4, 2020, Mathews was charged in this Court for escape under 18 U.S.C. § 751(a), for leaving the Yankton Federal Prison Camp and voluntarily returning about 10 minutes later. (Doc. 1, Indictment; Doc. 28, PSR ¶ 5.) He was caught by prison officials and found to be carrying a cell phone, chewing tobacco and alcohol. (Doc. 28, PSR ¶ 5.) He pleaded guilty to escape, and this Court sentenced him to four months in prison, consecutive to the 135-month sentence imposed in the Eastern District of California. (Doc. 36.)

On August 30, 2021, the district court in the Eastern District of California, Chief Judge Kimberly Mueller, granted Mathews's motion for compassionate release filed in that court and

2

reduced his 135-month sentence to time served. (Doc. 40-1.) Mathews is still serving the four-month sentence imposed by this Court for his escape, but he is now serving that sentence in home confinement. When his motion for compassionate release was filed in this Court on September 3, 2021, Mathews was incarcerated at the correctional institution in Sandstone, Minnesota (FCI Sandstone).

Mathews is a 48-year-old African American male. Mathews's prison records show that he suffers from obesity, severe opioid use disorder, severe cannabis use disorder, severe cocaine-related disorder, and moderate hallucinogen use disorder. (Doc. 41, p. 22.) Mathews argued that being incarcerated with these medical conditions, in combination with being a 48-year-old African American male, makes him particularly vulnerable to COVID-19. He recovered from COVID-19, and he has been fully vaccinated.

In support of his motion for compassionate release, Mathews submitted two declarations of Dr. Abdelghany. (Docs. 40-2 and 40-3.) Dr. Abdelghany is a critical care physician and a Fellow of Infectious Diseases at the University of California, San Francisco. Dr. Abdelghany reviewed Mathews's case in particular. In his first declaration, Dr. Abdelghany explains the risk of people being re-infected with COVID-19 even after contracting it, and even after being vaccinated. He also describes the risk of severe disease associated with coronavirus variants, such as the Delta variant, a new variant of the virus that is spreading in the United States and causing some fully vaccinated people to be hospitalized and die. In Minnesota, where Mathews was incarcerated when his compassionate release motion was pending before Judge Mueller, the Alpha variant was the most common, but the Beta variant was spreading quickly. Both variants have a 50 percent increased risk of transmission. The Alpha variant also likely bears an increased risk of severe disease and death. Based on studies about whether COVID-19 vaccines are effective in preventing these variants showing "variable results," Dr. Abdelghany concluded that Mathews remained at an "increased risk of SARS-CoV-2 infection" even if he is vaccinated, "especially given his current incarceration in Minnesota where the alpha variant — a virus with known ability to infect vaccinated patients — is the most common cause of COVID-19 disease." (Doc. 40-2, ¶ 12.)

Judge Mueller relied heavily on Dr. Abdelghany's opinions in granting Mathews's motion for compassionate release. She noted that though the number of breakthrough cases in Minnesota

were "thin," she would continue her practice of "err[ing] on the side of caution to avoid potentially lethal consequences" and gave credence to Dr. Abdelghany's uncontradicted opinion that Mathews faced an increased personal risk of infection by a variant while incarcerated in Minnesota. (Doc. 40-1, p. 11.) Mathews pointed out that, in an earlier wave of COVID-19, 600 out of 842 inmates housed at FCI Sandstone were infected with COVID-19. (Doc. 44, p. 8.) Judge Mueller described the large number of incarcerated individuals having contracted COVID-19 in FCI Sandstone as a "worrying sign of the condition of the prison." (Doc. 40-1, p. 13).

After also finding reliable evidence based on Dr. Abdelghany's opinions that Mathews's risk factors placed him at a high risk of severe consequences should he be reinfected with COVID-19, Judge Mueller held that Mathews's risk of contracting serious COVID-19 is an extraordinary and compelling reason for his release under § 3582(c)(1)(A)(i). (Doc. 40-1, pp. 9-14.) For the same reasons urged before Judge Mueller in California District Court, Mathews asks this Court to reduce his four-month sentence for escape to time served.

## DISCUSSION

Title 18, § 3582(c)(1)(A)(i), known as the "compassionate release provision" of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant* . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to passage of the First Step Act, compassionate release requests came to the Court "upon motion of the Director of the Bureau of Prisons." *United States v. Rodd*, 966 F.3d 740, 745 (8th Cir. 2020). Now, a defendant may bring his or her own motion with the Court if administrative remedies have been exhausted. *Id.* at 744.

---

[1] 18 U.S.C. § 3582(c)(1)(A)(ii) does not apply because Mathews is 48 years old. He would need to be at least 70 years old to qualify for compassionate release consideration under Section (ii).

## I. Administrative Exhaustion

A district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). That requirement is satisfied here. On October 30, 2020, Mathews submitted an Inmate Request for compassionate release due to COVID-19. *See United States v. Mathews*, No. 2:15-CR-00118, Doc. 172 (E.D. Cal. Jan. 4, 2021). On November 13, 2020, the warden denied Mathews's request for a reduction in sentence. *Id.* As more than thirty days have elapsed from the date that Mathews submitted his request to the warden, the Court has jurisdiction to consider the motion. *See United States v. Morehouse*, 2020 WL 2836188, at *2 (D.S.D. June 1, 2020) (Judge Karen E. Schreier) (motion for compassionate release is ripe for review where defendant submitted his request to the warden and 30 days had passed since that date); *United States v. Harris*, 812 Fed. Appx. 106, 107, 2020 WL 4048690, at *1 (3rd Cir. July 20, 2020) (reversing district court's dismissal for failure to exhaust after government conceded that defendant was not required to completely exhaust the administrative remedy process after warden denied his compassionate release request).

## II. Extraordinary and Compelling Reasons

Dr. Abdelghany's opinion that Mathews was at an increased risk of being reinfected while incarcerated at FCI Sandstone in Minnesota no longer supports granting his motion for compassionate release because he is serving the remaining portion of his four-month sentence in home confinement and is no longer housed at FCI Sandstone. There is no evidence that Mathews remains at a high risk of contracting COVID-19 in home confinement. The Court concludes that Mathews has not shown extraordinary and compelling circumstances that justify a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). Accordingly,

> **IT IS ORDERED** that defendant Michael Deshone Mathews's Motion for Compassionate Release, Doc. 40, is denied.

Dated this 4th day of October, 2021.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
_____